J-S29011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE GARCIA, | |
| Appellant | No. 2932 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001603-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:           **FILED JANUARY 15, 2020**

Appellant, Jose Garcia, appeals from the judgment of sentence of two years' probation, imposed after he entered a negotiated guilty plea for possession of a controlled substance, 35 P.S. § 780-113(a)(16).  Appellant challenges whether he knowingly, intelligently, and voluntarily entered his guilty plea.  Furthermore, Appellant's counsel, Jessica C. Mann, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Attorney Mann's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court set forth the relevant facts as follows:

On September 11, 2018, [Appellant] entered into a negotiated guilty plea for two (2) years of reporting probation on the charge

of … possession of a controlled substance.[1,2] The [c]ourt specifically advised [Appellant] that before he would be allowed to enter the proffered negotiated guilty plea,[2] the record needed to be clear that [Appellant] understood what he was doing and understood the rights he was giving up to proceed by way of a negotiated guilty plea. Thereafter, [the Commonwealth] specifically colloquyed [*sic*] [Appellant] regarding his competency, the rights he would be giving up, as well as the consequential effects of his plea, and in pertinent parts[,] the following transpired:

> [The Commonwealth]: You also understand if you're on probation or parole, this could violate that?
>
> [Attorney Humble]: My client's on parole right now, that's why we're taking the misdemeanor negotiated offer. He's been advised of that.
>
> [Appellant]: Yeah, my parole is maxed out.
>
> [The Commonwealth]: Do you understand that if you are under supervision … you understand [that] this could violate that?
>
> [Appellant]: Yes.
>
> [The court]: So you've had that conversation with your attorney? You do understand this could be a violation?
>
> [Appellant]: Yes[, m]a'am.

---

[1] To support the plea, the Commonwealth related that, on November 17, 2016, Philadelphia police officers "received information from a confidential informant in reference to … illegal sales [of] narcotics from … inside the residence of 2642 East Mayfield Street in Philadelphia County. The person associated with these sales was a Hispanic male named Jose, approximately 30 years old." N.T., 9/11/2018, at 16. After further investigations, police "served a search warrant on [the] 2642 East Mayfield Street [residence] associated with [Appellant], and within this residence found … .535 grams of marijuana, 13 alprazolam pills, .092 grams of cocaine, .112 grams of oxycodone, and … four more additional pills of alprazolam." ***Id.*** at 16-17.

[2] Attorney Mann did not represent Appellant at the guilty plea colloquy. At that time, Appellant was represented by Brian Humble, Esq.

[N.T. at 14].

> [2] It should also be noted that as part of the negotiations[,] the Commonwealth dismissed the related felony charge of possession with intent to distribute and only proceeded on the aforementioned misdemeanor charge.

> Finally, at the conclusion of the imposition of the negotiated sentence, [Appellant] was advised that he had … ten (10) days to withdraw his guilty plea or request reconsideration from the trial court, and thirty (30) days to file an appeal to the Superior Court on the limited grounds described in the colloquy. [Appellant] did not request to withdraw his plea nor did he request reconsideration. However, on October 5, 2018, [Appellant, *pro se*,] filed the instant appeal.

Trial Court Opinion (TCO), 2/1/2019, at 1-2 (unnumbered pages; footnote and most internal citations to record omitted).

On October 11, 2018, the trial court appointed Attorney Mann to represent Appellant. Thereafter, on October 15, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), no later than 21 days from the date of its order, *i.e.*, November 5, 2018. On November 5, 2018, Appellant filed a petition for an extension of time to file his Rule 1925(b) statement, explaining that the newly-appointed Attorney Mann was still in the process of "putting together" Appellant's file, including the relevant notes of testimony that had not yet been transcribed. **See** Petition for Extension of Time, 11/5/2018, at 1 (unnumbered pages). Subsequently, on December 5, 2018, Appellant filed

his Rule 1925(b) statement, raising one issue.  The trial court issued its Rule 1925(a) opinion addressing Appellant's alleged error on February 1, 2019.[3]

On March 19, 2019, Attorney Mann filed a petition to withdraw as counsel and an **Anders** brief.  On August 5, 2019, this Court ascertained that Attorney Mann's filings contained deficiencies, and consequently denied her petition to withdraw and remanded for her to file either a compliant **Anders** brief or an advocate's brief.

On October 4, 2019, Attorney Mann filed a new petition to withdraw and an **Anders** brief, wherein she raised the following issue:

> Whether [Appellant's] guilty plea was knowing, voluntary, and intelligent where[,] although he had maxed out his parole at the time of the plea, his plea counsel did not advise him that because the date of the crime occurred while he was still on parole, the subsequent conviction would trigger a violation of that parole?

**Anders** Brief at 2.

Attorney Mann determines that this appeal is wholly frivolous. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].  **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

---

[3] Our review of the record does not indicate that the trial court actually granted Appellant's request for an extension of time to file his Rule 1925(b) statement, which renders his Rule 1925(b) statement, filed on December 5, 2018, untimely.  Notwithstanding the late filing of his Rule 1925(b) statement, we will address the merits of his claim.  **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) ("[I]f there has been an untimely filing [of the Rule 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to [her] client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In the case *sub judice*, Attorney Mann's **Anders** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that

Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Mann also states in her petition to withdraw that she supplied Appellant with a copy of her **Anders** brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant argues that his guilty plea was not knowing, voluntary, and intelligent where, although he had 'maxed out' his parole at the time of the plea, his plea counsel did not advise him that his subsequent conviction would trigger a violation of his parole because the offense occurred while he was still on parole. **See Anders** Brief at 2. At the outset, we note that "[s]ettled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either

- 6 -

measure results in waiver." ***Id.*** at 609-10 (citations omitted). Here, the record indicates that Appellant did not make an objection during the plea colloquy or file a timely motion to withdraw his plea. As a result, Appellant has waived this claim. We therefore grant Attorney Mann's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/20